(57 South. 927.)

No. 18,857.

STATE ex rel. MOORE et al. v. SANDERS, Governor (GRAY et al., Interveners).

(Feb. 26, 1912.)

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Action by the State, on the relation of P. E. Moore and others, against J. Y. Sanders, Governor, in which J. G. Gray and others intervene. Judgment for defendants, and relators appeal. Affirmed.

Heinen & Modisette, W. H. Adams, A. L. Ponder, and R. H. Odom, for appellants. Walter Guion, Atty. Gen., and R. G. Pleasant, Asst. Atty. Gen., for appellee. McCoy, Moss & Knox and T. Arthur Edwards, for interveners.

LAND, J. This case is on all fours with the case of State ex rel. Carey et al. v. J. Y. Sanders, Governor, 57 South. 924,[1] this day decided, and, for the reasons set forth in the opinion handed down in that case, the judgment below is affirmed; appellants to pay costs of appeal.

---

(57 South. 927.)

No. 18,908.

STATE ex rel. McMAHON et al. v. SANDERS, Governor (GRAY et al., Interveners).

(Feb. 26, 1912.)

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Action by the State, on the relation of J. E. McMahon and others, against J. Y. Sanders, Governor, in which J. G. Gray and others, intervene. Judgment for respondents, and relators appeal. Affirmed.

Amos L. Ponder, Heinen & Modisette, W. H. Adams, and R. H. Odom, for appellants. Walter Guion, Atty. Gen., and R. G. Pleasant, Asst. Atty. Gen., for appellee. McCoy, Moss & Knox and T. Arthur Edwards, for interveners.

LAND, J. This case is on all fours with the case of State ex rel. Carey et al. v. J. Y. Sanders, Governor, 57 South. 924,[1] this day decided, and, for the reasons set forth in the opinion handed down in that case, the judgment below is affirmed; appellants to pay costs of appeal.

[1]Ante, p. 272.

(57 South. 927.)

No. 19,196.

STATE v. WILLIAM.

(Feb. 26, 1912.)

(Syllabus by the Court.)

1. CRIMINAL LAW (§ 1153*)—WITNESSES (§ 40*) — APPEAL — REVIEW — DISCRETION OF TRIAL COURT.

A wise discretion is left to the trial judge in deciding the competency of a child of tender years to testify; and where he examines the child and tests her understanding of the significance of an oath, and reaches the conclusion that she will be a competent witness, his ruling will not be set aside, unless for very manifest error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3061–3066; Dec. Dig. § 1153;* Witnesses, Cent. Dig. §§ 97, 98; Dec. Dig. § 40.*]

2. CHARGE OF COURT—NO ERROR.

The charge of the trial court to the jury was free from error, and the judgment will not be disturbed.

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

King William, alias King John, was convicted of assault with intent to rape, and appeals. Affirmed.

T. M. Bankston, M. J. Allen, and F. W. Sherman, for appellant. Walter Guion, Atty. Gen., and W. H. McClendon, Dist. Atty. (G. A. Gondran, of counsel), for the State.

BREAUX, C. J. The grand jurors of Tangipahoa found a true bill against King William, alias King John, charging that on the 5th day of August, 1910, he made an assault upon Luberta Lewis, a child under 12 years, with felonious intent of committing rape.

He was tried and found guilty as charged, and recommended to the mercy of the court.

A motion for a new trial was filed, in which several grounds were averred to set aside the verdict, the most important of which was that the prosecuting witness was not a competent witness. This is the only